JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DILMER A. LOVOS-MENDEZ, | Case No. CV 26-2467 KK (PVC) |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |
| OFFICER CARPTENTER, ET AL., | |
| Defendants. | |

On February 20, 2026, Plaintiff Dilmer A. Lovos-Mendez ("Plaintiff"), filed a civil rights complaint 42 U.S.C. § 1983, alleging Eighth Amendment violations against several prison employees for an incident which occurred while he was detained at the "California City Immigration Processing Center" (likely the California City Detention Facility). (Dkt. No. 1 at 2). Plaintiff's Complaint alleges that he currently resides at the detention facility. (*Id.*). This facility is in Kern County, California, which is in the Eastern District of California. As relevant here, venue is proper in the judicial district where substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391. As the events described in the complaint occurred in the Eastern District of California, the proper venue for the Petition is that District, not this one.

When venue has been laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer is within the Court's discretion. *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). The Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that '[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Here, the interest of justice favors transferring this matter to the district where the alleged actions serving as the basis for that suit occurred.

IT IS THEREFORE ORDERED that the Clerk of this Court transfer this matter to the United States District Court for the Eastern District of California.[1]

IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Order upon Plaintiff.

**IT IS SO ORDERED.**

DATED: March 16, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] United States Magistrate Judges have authority to enter nondispositive transfer orders. *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 698-99 (9th Cir. 2022) ("The magistrate judge had jurisdiction to issue the transfer order. . . . The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it."); *Dy v. Nale,* 772 F. App'x 558, 559 (9th Cir. 2019) ("[T]he magistrate judge had authority to enter the nondispositive transfer order." (citing *Flam v. Flam*, 788 F.3d 1043, 1046-47 (9th Cir. 2015))).

2